# EXHIBIT A

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| NICOLE YOUNT, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>VERA WHOLE HEALTH, INC., a foreign profit corporation doing business as VERA WHOLE HEALTH and APREE HEALTH; VERA WHOLE HEALTH WA, PC, a Washington professional services corporation; CASTLIGHT HEALTH, INC., a foreign profit corporation doing business as CASTLIGHT HEALTH and APREE HEALTH; and DOES 1-20,<br><br>Defendants. | No.<br><br>CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND DECLARATORY RELIEF |

Plaintiff Nicole Yount, on behalf of herself and all others similarly situated (the "Class"), by and through her counsel, brings this Class Action Complaint against Defendants Vera Whole Health, Inc.; Vera Whole Health WA, PC; and Castlight Health, Inc. (collectively, "Defendants") and alleges, upon personal knowledge as to her own action and her counsel's investigations, and upon information and belief as to all other matters, as follows:

CLASS ACTION COMPLAINT FOR DAMAGES, INJUNCTIVE RELIEF, AND DECLARATORY RELIEF - 1

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

# I.  NATURE OF THE CASE

1. Effective January 1, 2023, employers must disclose in each posting for each job opening the wage scale or salary range, and a general description of all of the benefits and other compensation to be offered to the hired applicant. RCW 49.58.110(1).

2. The Washington Legislature finds that "despite existing equal pay laws, there continues to be a gap in wages and advancement opportunities among workers in Washington." RCW 49.58.005(1). The Legislature further finds that "lower starting salaries translate into lower pay, less family income, and more children and families in poverty." RCW 49.58.005(3)(b).

3. "Some folks do not have the networks or ability to negotiate salaries. Salaries vary wildly in companies within the same industry and applicants do not have the ability to know what the value of the position is." H.B. Rep. ESSB 5761, at 2 (Wash. 2022). The Equal Pay and Opportunities Act ("EPOA") "allows a discussion at the start of the process instead of after an offer has been made, which will increase the ability to negotiate pay." *Id*. Additionally, "[m]any candidates spend hours going through rounds of interviews only to find out they can't live on the offered pay." S.B. Rep. ESSB 5761, at 3 (Wash. 2022). The EPOA makes Washington "more competitive for job seekers…" *Id*.

4. This is a class action on behalf of individuals who applied to job openings with the Defendants where the job postings did not include the wage scale, salary range, and/or a general description of all of the benefits and other compensation to be offered in direct violation of RCW 49.58.110.

# II.  JURISDICTION AND VENUE

5. This Court has jurisdiction over this cause of action pursuant to RCW 2.08.010.

6. Venue is proper in this Court pursuant to RCW 4.12.025 because the acts and omissions alleged took place, in whole or in part, in King County, Washington, and Defendants reside and transact business throughout Washington, including in Seattle, King County, Washington.

CLASS ACTION COMPLAINT FOR DAMAGES,
INJUNCTIVE RELIEF, AND DECLARATORY RELIEF - 2

**EMERY | REDDY, PLLC**
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

7. Federal jurisdiction is inappropriate under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(4)(A), because: (a) all members of the Class are applicants of Washington employers, or were applicants of Washington employers, at all times relevant to their interactions with Defendants; (b) Defendants are registered to conduct business, and regularly transact business, within Washington; (c) the alleged conduct of Defendants occurred within Washington; (d) the injuries to Plaintiff and the Class occurred within Washington; and (e) during the three-year period preceding the filing of this action, no other class action has been filed asserting the same or similar factual allegations against Defendants on behalf of the same persons. Alternatively, federal jurisdiction is inappropriate under the Class Action Fairness Act because: (a) pursuant to 28 U.S.C. § 1332(d)(4)(B), more than two-thirds of the Class reside in Washington; and (b) pursuant to 28 U.S.C. § 1332(2), the amount in controversy does not exceed the sum or value of $5,000,000, exclusive of interest and costs.

### III.   PARTIES

8. Plaintiff Nicole Yount is a resident of King County, Washington and applied to work for Defendants in King County, Washington.

9. Defendant Vera Whole Health, Inc. is a foreign profit corporation doing business as Vera Whole Health and Apree Health. Defendant Vera Whole Health, Inc. regularly transacts business in King County, Washington and has multiple locations for the transaction of business in King County, Washington, including at 1201 2nd Avenue, Suite 1400, Seattle, Washington 98101.

10. Defendant Veral Whole Health WA, PC is a Washington professional services corporation that regularly transacts business in King County, Washington and has multiple offices for the transaction of business in King County, Washington, including at 1201 2nd Avenue, Suite 1400, Seattle, Washington 98101.

11. Defendant Castlight Health, Inc. is a foreign profit corporation doing business as Castlight Health and Apree Health. Defendant Castlight Health, Inc. regularly transacts business

CLASS ACTION COMPLAINT FOR DAMAGES,  
INJUNCTIVE RELIEF, AND DECLARATORY RELIEF - 3

**EMERY | REDDY, PLLC**  
600 Stewart Street, Suite 1100  
Seattle, WA 98101  
Phone: (206) 442-9106 • Fax: (206) 441-9711

1  in King County, Washington, including at 1201 2nd Avenue, Suite 1400, Seattle, Washington 98101.

12. Plaintiff is currently unaware of the true names and capacities, whether individual, corporate, associate, or otherwise, of the defendants sued herein under fictitious names Does 1-20, inclusive, and therefore sues such defendants by such fictitious names. Plaintiff will seek leave to amend this Complaint to allege the true names and capacities of the fictitiously named defendants when their true names and capacities have been ascertained. Plaintiff is informed and believes, and thereon alleges, each of the fictitiously named defendants is legally responsible in some manner for the events and occurrences alleged herein, and for the damages suffered by Plaintiff and the Class.

IV.   **FACTS APPLICABLE TO THE CLASS AND ALL CAUSES OF ACTION**

13. Effective January 1, 2023, all Washington employers are required to disclose in each posting for each job opening the wage scale or salary range, and a general description of all of the benefits and other compensation to be offered to the hired applicant. RCW 49.58.110.

14. For the purposes of RCW 49.58.110, "posting" means any solicitation intended to recruit job applicants for a specific available position, including recruitment done directly by an employer or indirectly through a third party, and includes any postings done electronically, or with a printed hard copy, that includes qualifications for desired applicants. RCW 49.58.110(1).

15. Each Defendant employs more than 15 individuals in Washington state.

16. From January 1, 2023 to the present, Plaintiff and more than 40 Class members applied to job openings with Defendants for positions located in Washington state where the postings did not disclose the wage scale or salary range, and a general description of all of the benefits and other compensation to be offered.

17. On or about September 12, 2023, Plaintiff applied for a job opening in King County, Washington with Defendants. The posting for the job opening did not disclose the wage scale or salary range, and a general description of all of the benefits and other compensation to be

1  offered. A true and correct copy of Defendants' job posting that Plaintiff responded to is attached
2  hereto as Exhibit 1.

3      18.    Plaintiff and the Class members lost valuable time applying for jobs with
4  Defendants for which the pay scale or salary range, and a general description of all of the benefits
5  and other compensation to be offered was not disclosed to them.

6      19.    As a result of Plaintiff's and Class members' inability to evaluate the pay for the
7  position, negotiate that pay, and compare that pay to other available positions in the marketplace,
8  Plaintiff and Class members were harmed.

9      20.    As a result of Defendants' actions and omissions, Plaintiff and Class members
10  have been damaged in amounts to be established at trial.

## V.    CLASS ACTION ALLEGATIONS

12      21.    <u>Class Definition</u>. Under Civil Rule 23(a) and (b)(3), Plaintiff brings this case as a
13  class action against Defendants on behalf of the Class defined as follows (the "Class"):

> All individuals who, from January 1, 2023 through the date notice is provided to the Class, applied for a job opening in the State of Washington with one or more of the Defendants where the job posting did not disclose the wage scale or salary range for the position.

18      22.    Excluded from the Class are the Defendants and Defendants' officers, directors,
19  and independent contractors, and any judge to whom this case is assigned, as well as his or her
20  staff and immediate family.

21      23.    <u>Numerosity</u>. There are potentially hundreds of individuals who applied for jobs
22  with Defendants within the time period relevant to this matter. Joinder of all such individuals is
23  impracticable. Further, the disposition of all claims of the Class in a single action will provide
24  substantial benefits and efficiency to all parties and to the Court.

25      24.    <u>Commonality</u>. Because all applicants applied for job openings that did not disclose
26  the wage scale or salary range, and a general description of all the benefits and other compensation

to be offered, this is a straightforward matter of determining whether Defendants' actions violate Washington law, and, if so, assessing damages.

25. <u>Typicality</u>. Plaintiff's claims are typical of the claims of the Class. Plaintiff and Class members all applied for job openings with Defendants that did not disclose the wage scale or salary range, and a general description of all the benefits and other compensation to be offered.

26. <u>Adequacy</u>. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained competent and capable attorneys with substantial experience in complex class action litigation. Plaintiff and her counsel are committed to prosecuting this action vigorously on behalf of the Class and have the financial resources to do so. Neither Plaintiff nor her counsel have interests that are contrary to or that conflict with those of the Class.

27. <u>Predominance</u>. Defendants have engaged in a common course of conduct of failing to disclose the wage scale or salary range, and a general description of the benefits and other compensation to be offered, in its job postings in violation of RCW 49.58.110. The common issues arising from Defendants' unlawful conduct affect Plaintiff and Class members and predominate over any individual issues. Adjudication of these common issues in a single action has the important and desirable advantages of judicial economy.

28. <u>Superiority</u>. Plaintiff and the Class have suffered, and will continue to suffer, harm and damages as a result of Defendants' unlawful and wrongful conduct. Absent a class action; however, most Class members would find the cost of litigating their claims prohibitive, especially when that cost is balanced against each individual's respective potential award. Class treatment is superior to multiple individual suits or piecemeal litigation because it conserves judicial resources, promotes consistency and efficiency of adjudication, provides a forum for claimants with smaller cases and those with few resources, and deters illegal activities. There will be no significant difficulty in the management of this case as a class action. The Class members and the job postings they responded to are readily identifiable through Defendants' own records.

CLASS ACTION COMPLAINT FOR DAMAGES,
INJUNCTIVE RELIEF, AND DECLARATORY RELIEF - 6

EMERY | REDDY, PLLC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

# VI. CAUSES OF ACTION

29. Plaintiff incorporates by reference and realleges all foregoing factual allegations as if fully set forth herein.

### FIRST CAUSE OF ACTION
### VIOLATION OF RCW 49.58.110
*Claim of Relief for Plaintiff and the Class*

30. As described more fully above, Defendants did not disclose the wage scale or salary range, nor did they give a general description of all the benefits and other compensation to be offered, in their job postings.

31. On or after January 1, 2023, Plaintiff and the Class applied for job openings with the Defendants where the postings did not disclose the wage scale or salary range, and a general description of all the benefits and other compensation to be offered.

32. Defendants' actions and omissions violate RCW 49.58.110.

33. As a result of Defendants' actions and omissions, Plaintiff and the Class have been damaged in amounts to be established at trial.

### SECOND CAUSE OF ACTION
### INJUNCTIVE RELIEF
*Claim of Relief for Plaintiff and the Class*

34. Plaintiff and the Class are entitled to an injunction prohibiting Defendants from further violations of Washington law. Specifically, Plaintiff seeks injunctive relief to require Defendants to disclose in each posting for each job opening the wage scale or salary range, and a general description of all of the benefits and other compensation to be offered.

35. Plaintiff and the Class are entitled to a final judicial determination of the amounts owing to Plaintiff and the Class as a result of Defendants' failure to disclose in each posting for each job opening the wage scale or salary range, and a general description of all of the benefits and other compensation to be offered.

///

///

**THIRD CAUSE OF ACTION**
**DECLARATORY RELIEF**
*Claim of Relief for Plaintiff and the Class*

36. Plaintiff and the Class are entitled to a declaration that Defendants' practice of failing to disclose in each posting for each job opening the wage scale or salary range, and a general description of all the benefits and other compensation to be offered, is illegal.

37. Plaintiff and the Class are entitled to a final judicial determination of the amounts owing to Plaintiff and the Class as a result of Defendants' failure to disclose in each posting for each job opening the wage scale or salary range, and a general description of all the benefits and other compensation to be offered.

### VII. REQUEST FOR RELIEF

Plaintiff, individually and on behalf of the members of the Class, requests that the Court enter judgment against Defendants as follows:

1. An Order certifying that this action be maintained as a class action and appointing Plaintiff as Class Representative and her counsel as Class Counsel;

2. Statutory damages equal to Plaintiff's and the Class members' actual damages or five thousand dollars, whichever is greater, pursuant to RCW 49.58.070(1);

3. Costs and reasonable attorneys' fees pursuant to RCW 49.58.070(1);

4. Preliminary and permanent injunctive relief prohibiting, restraining, and enjoining Defendants from engaging in the conduct complained of herein, including, but not limited to, an Order requiring Defendants to disclose in each posting for each job opening the wage scale or salary range, and a general description of all of the benefits and other compensation to be offered;

5. Declaratory relief to the effect that Defendants' failure to disclose in each posting for each job opening the wage scale or salary range, and a general description of all of the benefits and other compensation to be offered, violates Washington law;

6. Pre- and post-judgment interest;

7. Leave to amend the Complaint to conform to the evidence; and

CLASS ACTION COMPLAINT FOR DAMAGES,
INJUNCTIVE RELIEF, AND DECLARATORY RELIEF - 8

EMERY | REDDY, PLLC
600 Stewart Street, Suite 1100
Seattle, WA 98101
Phone: (206) 442-9106 • Fax: (206) 441-9711

8. Any additional or further relief which the Court deems equitable, appropriate, or just.

DATED October 6, 2023.                              EMERY | REDDY, PLLC

                                        By:   */s/ Timothy W. Emery*
                                               Timothy W. Emery, WSBA No. 34078
                                               Patrick B. Reddy, WSBA No. 34092
                                               Paul Cipriani, WSBA No. 59991
                                               Emery Reddy, PLLC
                                               600 Stewart Street, Suite 1100
                                               Seattle, WA 98101
                                               Telephone: (206) 442-9106
                                               Fax: (206) 441-9711
                                               Email: emeryt@emeryreddy.com
                                               Email: reddyp@emeryreddy.com
                                               Email: paul@emeryreddy.com
                                               *Attorneys for Plaintiff Nicole Yount and the Class*

# EXHIBIT 1









IT Service Desk Analyst

Apree Health is looking for an IT Service Desk Analyst. As our company grows, we need an individual who is interested in working in a distributed team environment to help manage our on-site Seattle office needs and maintain the growth of our IT infrastructure and laptop environment.

The ideal candidate will have excellent customer service skills within Help Desk Operations, inventory management, and experience supporting AV and connectivity for Google Meet and Zoom calls. This individual will often be the first person to interact with and help triage the needs of fellow employees who need support in the office.

If you are highly motivated, thrive on challenges, and approach your work with ownership, openness, and optimism—we'd love to hear from you!

**Qualifications:**

- Minimum of 1 year experience in IT support or formal training, including

- IT Service Desk experience



- Laptop support experience
- Windows 10
- Executive support experience
- A/V and conference room support experience
- Excellent interpersonal communication skills

**Nice to Have:**

- Jira Service Management project administration experience
- Google Workspace & SSO administration
- Networking hardware experience (switches, access points, etc.)
- Experience supporting:
- Endpoint network troubleshooting
- Citrix



- Citrix

- VPN

- Endpoint management experience:

- Jamf Pro/Jamf Connect experience

- Microsoft Intune/Endpoint Manager

- PDQ or EndpointCentral

- Slack administration

**Responsibilities:**

- Work on a multisite team, supporting a distributed and multinodal workforce.

- Prepare laptops for new hires by running laptop provisioning automation

- Support onsite AV hardware and events using Google Meet and Zoom

- Routinely test conference rooms for hardware and software configuration functionality



- Routinely test conference rooms for hardware and software configuration functionality

- Initial triage of incoming support and service requests, providing initial responses to our coworkers with documentation, support, and escalations (including security escalations) as necessary.

- Expected to close an average of 15-20 support tickets per week.

- Prioritize and handle incoming support requests through various mediums, such as phone, instant message, email, and ticket queue.

- Provide a high level of customer support to our end users in the office and remotely.

- Participate in on-call rotation for after-hours support (7am-7pm Pacific time) and be the first point of contact for all after-hour escalations.

- Work with vendors, auditors, consultants, and other technical advisors to implement, manage, and fix systems.

- Assist to plan, evaluate, communicate, test, implement, and support new processes and technology.

- Enforce and escalate security issues according to company policy.

- Work within a healthcare data environment while adhering to HIPAA, SOC II, and HITRUST, among other compliance





restrictions.

- Communicate and work cross functionally in a distributed team environment.
- Follow verbal and documented procedures.
- Project work on 1-2 small or constrained projects at a time (examples: upgrading AV hardware in a room, or walking a list of coworkers through updating their software)

**Physical Demands:**

- Includes full range of body motion
- Required to be in-office M-F in downtown Seattle (potential to support remote Monday and Friday after 6 months)
- Manual and finger dexterity and eye-hand coordination
- Requires standing, walking and sitting for extended periods of time
- Occasionally lift and carry items up to 50 pounds
- Requires corrected vision, hearing and speech within normal ranges